IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(PHILADELPHIA)

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| EVA MARIE LARGE, | ) | BANKRUPTCY NO. 19-13194 |
| | ) | CHAPTER 13 |
| Debtor | ) | |
| | ) | |

**STIPULATION RESOLVING MOTION TO DETERMINE VALUE OF SECURITY**

Eva Marie Large (hereinafter referred to as Debtor), and the United States Department of Housing and Urban Development (hereinafter referred to as HUD), by and through undersigned counsel, hereby stipulate and agree to the following:

1. HUD has a valid Subordinate Mortgage, dated June 29, 2016, from the Debtor Eva Marie Large to the Secretary of Housing and Urban Development (Lender), conveying to HUD as beneficiary a lien on the Debtor's real property, commonly known as 6521 Marsden Avenue, Philadelphia, PA 19135.

2. The lien of the referenced Subordinate Mortgage in the Chapter 13 proceeding of the Debtor is void pursuant to 11 U.S.C. §506(d) as it secures a claim which is totally unsecured within the meaning of 11 U.S.C. §506(a).

3. HUD shall have an allowed unsecured claim within the meaning of 11 U.S.C. §506(a) in the amount listed in the proof of claim filed by HUD, Claim # 2-1, which claim shall be provided for in the Debtor's Chapter 13 plan within the meaning of 11 U.S.C. §§1327 and 1328(a). HUD shall have no allowed secured claim. As HUD is the holder of an entirely unsecured claim, HUD is the holder of a claim that is not protected by the anti-modification provision of 11 U.S.C. §1322(b)(2). *McDonald v. Master Fin., Inc. (In re*

<u>McDonald)</u>, 205 F.3d 606, 615 (3d Cir., 2000). The clerk of the court shall mark the claims docket to reflect that HUD's claim is totally unsecured.

4. Upon completion of the Debtor's Chapter 13 Plan and receipt of an Order of Discharge, the referenced Subordinate Mortgage shall be terminated, released and discharged pursuant to 11 U.S.C. §1325(a) and HUD shall, at its own cost, file with the Philadelphia Department of records a Satisfaction or Release of Mortgage.

5. Pursuant to 11 U.S.C. §349(b)(1)(c), absent an order of the Court to the contrary, in the event the above captioned bankruptcy case is dismissed, the lien avoided by this stipulation, resulting from the operation of 11 U.S.C. §506(d), shall be reinstated.

6. Upon completion of the Debtor's Chapter 13 Plan and the entry of a Chapter 13 discharge order, the Debtor may also record a certified copy of this order, with a copy of the Debtor's Chapter 13 discharge order in the property records of the county as further evidence of the release and discharge of the Subordinate Mortgage.

Respectfully Submitted,

| /s/Irwin Trauss | /s/Richard M. Bernstein |
|---|---|
| Irwin Trauss, Esquire | Richard M. Bernstein, Esquire |
| Philadelphia Legal Assistance | Assistant United States Attorney |
| 718 Arch Street, Suite 300 | 615 Chestnut Street Ste. 1250 |
| Philadelphia PA 19106 | Philadelphia PA 19106 |
| 215-981-3811 | 215-861-8334 |
| | |
| Counsel for the Debtor | Counsel for United States |

Approved By The Court:

_____
HONORABLE ASHELY M. CHAN
*United States Bankruptcy Court*

DATED: _____